# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERMAN MACK** | : | **CIVIL ACTION** |
| v. | : | No. 10-1760 |
| **SERGEANT CURRAN,** *et al.* | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                       **March 3, 2011**

Alleging that prison staff confiscated legal materials from his cell in retaliation for his filing grievances, Sherman Mack, a state prisoner, filed this civil rights action under 42 U.S.C. § 1983, asserting numerous violations of his constitutional rights. He asserts that as a result of the loss of his property, he was prevented from presenting unspecified legal claims in his state court criminal case. He has sued Sergeant Curran, who allegedly took his materials; David DiGuglielmo, the superintendent of the prison; Jeffrey A. Beard, the Secretary of Corrections; and Robert Keane, Cynthia Link, William Radle, Ted Harmes and Eugene Godlewski, prison employees.[1]

Mack's complaint, read as broadly as possible to give deference to his *pro se* status, asserts that Curran confiscated and destroyed or withheld legal materials while he was in custody at SCI-Graterford. He alleges that the confiscation was in retaliation for his filing grievances against various prison officials. Among the materials taken were a sworn affidavit that Mack had intended to submit in support of a petition he filed in the state court under the Post Conviction Relief Act, 42 PA. CONS. STAT. § 9545(b)(2) ("PCRA"). He contends that because any petition for relief based upon after-discovered evidence must

---

[1] In his complaint, Mack did not provide the first names of Keane, Link, Radle, Harmes and Godlewski. The first names were first made known by the defendants in their motion.

be filed under the PCRA within 60 days of receipt of the new evidence, he was prevented from presenting his claim. As a result, he contends he was denied access to the courts.

The defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on four grounds. First, they challenge the sufficiency of the complaint, arguing that it does not meet the threshold requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Second, they argue that because Mack has not alleged any personal responsibility for or involvement with the loss of his materials against any one of them, they are immune from suit under § 1983. Third, they contend that Mack failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (2010). Fourth, they argue that Mack cannot sustain a retaliation claim because he has not identified any First Amendment-protected activity nor shown any actual legal injury from the alleged loss of his materials which would give rise to a denial of access to court claim.

Because the defendants presented material outside of the complaint, including copies of Mack's grievances and appeals, we notified the parties that the motion to dismiss was being converted to one for summary judgment. At the same time, we invited the parties to conduct discovery and supplement their filings with additional evidence before February 18, 2011. They declined to do so. We shall decide the matter on the record before us. *See Razzoli v. Dir., Bureau of Prisons*, 293 F. App'x 852, 854-55 (3d Cir. 2008) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996); *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989)).

After drawing all reasonable inferences in Mack's favor from the pleadings and documents in the record, we shall grant summary judgment for the defendants. Mack has

2

presented no basis for imputing liability or responsibility for the loss of his materials to any of the defendants other than Curran. However, his claims against Curran, as well as those against the other defendants, cannot survive summary judgment because he has failed to exhaust his administrative remedies.

**Standard of Review**

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

The initial burden of demonstrating there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotations omitted).

**Discussion**

The defendants can be placed into three categories: (1) Curran, who allegedly confiscated Mack's materials; (2) Keane, Harmes, Link, Radle and Godlewski, to whom he has not attributed any complicity in the loss of his materials; and (3) DiGuglielmo and Beard, who were involved in the grievance process. Mack has sued all defendants in their individual capacities.

There is no *respondeat superior* liability under § 1983. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To maintain an action against a government actor in his individual capacity, the plaintiff must show each defendant's personal involvement in the wrongdoing. *Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005). He must demonstrate that the individual defendant personally directed, or actually knew and acquiesced in the wrongful conduct. *Id.* (citing *Rode*, 845 F. 2d at 1207).

Other than listing Keane, Godlewski, Link, Radle and Harmes as defendants, Mack alleges nothing that any one of them did or did not do. He merely lists their rank or title. Therefore, with respect to these defendants, he has not made out a cause of action.

Mack's allegations against Beard and DiGuglielmo, as gleaned from the documents attached to his complaint, relate to their handling of his grievances. He does not allege that either one of these higher-ranking officials had any complicity in the confiscation and loss of his property. All that is alleged is that Beard did not respond to Mack's letter asking for his personal assistance and that DiGuglielmo denied his appeal from the dismissal of his grievance.

A prison official's participation in the grievance process does not expose him to individual liability for the conduct underlying the prisoner's grievance. Participation in a

4

review of the grievance does not establish personal involvement establishing § 1983 liability. *Collins v. Williams*, 575 F. Supp. 2d 610, 615 (D. Del. 2008) (citing cases). Therefore, Mack has not stated a cause of action against DiGuglielmo and Beard.

**Exhaustion of Administrative Remedies**

Exhaustion of available administrative remedies is a prerequisite to filing a prisoner's suit. 42 U.S.C. § 1997(e)(a). To properly exhaust, the prisoner must comply with all deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). He must pursue all available avenues in the process. Thus, if a prisoner's grievance is rejected on procedural grounds, his federal lawsuit is barred for failure to exhaust. *Id. See also Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

The defendants argue that Mack may not proceed with this action because he failed to exhaust his administrative remedies. He counters that he did. But, he concedes his grievance was late.

Pennsylvania Department of Corrections Administrative Regulation 804 ("DC-ADM 804") mandates that inmates "must submit a grievance for initial review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based." DC-ADM 804.VI.A.8. If an inmate appeals the grievance officer's decision, he must do so "within 10 working days from the date of the Initial Review decision or notice of a grievance restriction." DC-ADM 804.VI.C.1.b.

In Mack's form complaint, he responded that he had completed Graterford's grievance process. In explaining the chronology of his complaints to prison officials, he reveals that his grievance was rejected because he failed to submit it within the required fifteen-day time period. In his complaint, Mack does not state when he discovered his

5

items were missing and when he filed his initial grievance. The defendants have attached a copy of Mack's original grievance to their motion to dismiss. In his grievance, incorrectly dated February 27, 2008, Mack stated that he discovered his legal materials were missing on December 16, 2008. On December 20, 2008, Mack was placed in a restricted housing unit ("RHU") where he remained until February 17, 2009. Mack claims that February 27, 2009 was his "earliest convenience" to file his grievance. The grievance was rejected as untimely on March 9, 2009. Mack appealed the rejection nearly four months later on July 6, 2009. He offers no excuse for waiting four months to file an appeal. This appeal was similarly rejected as untimely on July 24, 2009.

Although he was housed in the RHU, he was not unable to file a grievance. Neither his complaint nor his original grievance contain any allegations that he was denied the opportunity to file a grievance while in RHU.

According to DC-ADM 804, Mack had fifteen business days from December 16, 2008 to file his grievance. He waited until February 27, 2009 to do so. Then, without any excuse, he ignored the prison regulations by delaying his appeal nearly four months. By deferring action on his claims beyond the time limits prescribed by DC-ADM 804, Mack failed to properly exhaust the available administrative remedies. Thus, summary judgment must be granted as to all defendants.